# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TASHA NICOLE GURLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-0018-CVE** |
| | ) | |
| **JOHN THOMAS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Relief from Judgment (Dkt. # 8). On June 25, 2010, the Court dismissed this case due to plaintiff's apparent failure to serve defendants. Almost a year later, plaintiff filed this motion asking the Court to set aside the judgment of dismissal and reopen the case, because she claims that she did timely serve defendants but inadvertently neglected to file proof of service with the Court.

## I.

Plaintiff Tasha Nicole Gurley claims that John Thomas, an employee of the Unites States Marshals Service, was operating a government vehicle and "allowed or caused his vehicle to strike [plaintiff's] vehicle from behind, at a high rate of speed . . . ." Dkt. # 1, at 2. It appears that federal law enforcement officials had an arrest warrant for a passenger in plaintiff's vehicle and were executing the warrant at the time of the collision. Dkt. # 8, at 1. On January 5, 2010, plaintiff filed this case on behalf of herself and her children to recover for personal injuries allegedly suffered during the collision. Dkt. # 1. Plaintiff's deadline to serve defendants was May 5, 2010, but she did not file a return of service for any defendant by that date. On June 9, 2010, the Court entered an order (Dkt. # 5) directing plaintiff to show cause for her failure to serve defendants, but plaintiff did

not respond to the Court's order.  Plaintiff's counsel states that he was "unaware" of the Court's order.  Dkt. # 8, at 2.  The Court dismissed plaintiff's claims without prejudice to refiling and entered a judgment of dismissal on June 25, 2010.  Dkt. ## 6, 7.  The order to show cause and judgment of dismissal were electronically served on plaintiff's counsel.

Plaintiff admits that she did not respond to the Court's order to show cause, but argues that she actually served defendants within 120 days of filing her complaint.  Dkt. # 8, at 2.  However, she did not file returns of service before dismissal of her case and she did not file a timely motion under Fed. R. Civ. P. 59 to alter or amend judgment following dismissal.  Instead, on November 5, 2010, plaintiff filed a new lawsuit alleging the same claims.  Tasha Nicole Gurley v. John Thomas et al., 10-CV-1195-R (W.D. Okla.).  She states that she "learned that the statute of limitations on the [Federal] Torts Claims Act had run and the re-filed lawsuit was a nullity."  Dkt. # 8, at 3.  Plaintiff chose not to proceed with the second lawsuit and voluntarily dismissed her claims.  Plaintiff filed this motion asking the Court to vacate the judgment of dismissal and to allow her to proceed with this case.  She requests relief under Fed. R. Civ. P. 60(b)(1) and argues that her attorney's failure to file returns of service and to respond to the Court's order to show cause constitutes excusable neglect.

Under Rule 60(b)(1), "a court may relieve any party or its legal representative from a final judgment , order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . ."  Fed. R. Civ. P. 60(b)(1).  In the context of interpreting a bankruptcy rule using the term "excusable neglect," the Supreme Court considered "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted

2

in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). The Tenth Circuit has applied these factors to determine whether a party's neglect is excusable under Rule 60(b)(1). Jennings v. Rivers, 394 F.3d 850, 857 (10th Cir. 2005). The Tenth Circuit has also stressed that "fault in the delay remains a very important factor–perhaps the most important single factor–in determining whether neglect is excusable." City of Chanute, Kansas v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994). However, "the determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Jennings, 394 F.3d at 856 (quoting Pioneer Inv. Servs., 507 U.S. at 395). One factor not expressly stated in Pioneer that may also impact a court's decision is "whether the attorney attempted to correct his action promptly after discovering the mistake." Id. at 857. Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances. Beuger v. Burlington Northern & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007).

Before reaching the merits of plaintiff's motion, the Court must determine whether plaintiff's Rule 60(b)(1) motion is timely. Rule 60(c)(1) states that a "motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The judgment of dismissal was entered on June 25, 2010 and plaintiff filed her Rule 60(b)(1) motion on June 21, 2011, and plaintiff's motion was filed within one year of the judgment being challenged. However, plaintiff incorrectly assumes that any Rule 60(b)(1) motion filed within one year of the judgment or order being challenged is filed within a "reasonable time." See Dkt. # 8, at 4. The Tenth Circuit has rejected this interpretation of Rule 60(c) and has clearly held that a Rule 60(b)(1) motion "is not timely merely because it has been

filed within one year of the judgment." <u>White v. American Airlines</u>, 915 F.2d 1414, 1425 (10th Cir. 1990). A party seeking relief under Rule 60(b)(1) must provided "sufficient justification" for any delay in filing her motion. <u>Sorbo v. United Parcel Serv.</u>, 432 F.3d 1169, 1178 (10th Cir. 2005). The reason for the delay and "the practical ability of the litigant to learn earlier of the grounds relied upon" should be considered when assessing whether a litigant's Rule 60(b)(1) motion was filed within a reasonable time. <u>Kagan v. Caterpillar Tractor Co.</u>, 795 F.2d 601, 610 (7th Cir. 1986).

In this case, plaintiff waited almost one year before filing her Rule 60(b)(1) motion. The Court entered judgment of dismissal on June 25, 2011 for plaintiff's failure to serve defendants, but plaintiff claims that she was in possession of evidence showing that she had served defendants at that time. Dkt. # 8, at 8. Instead of immediately notifying the Court that she had served defendants, she waited almost six months before refiling her claims against defendants. She claims that she learned that the statute of limitations had run on her claims and she promptly dismissed the second lawsuit, but she fails to mention that she did not dismiss the second lawsuit until May 4, 2011. Even after the dismissal of her second lawsuit, plaintiff waited over a month before filing this motion. Plaintiff's motion makes no attempt to justify her delay in filing this motion, but it is clear that her decision to pursue a second lawsuit, instead of a Rule 60(b) motion in this case, is the cause of the delay in filing the present motion. She claims that she did not learn until she filed the second lawsuit that it was barred by the statute of limitations, but she offers no evidence to explain why her attorney waited nearly six months before filing another lawsuit or if her attorney researched the applicable

statute of limitations before refiling plaintiff's claims.[1]  The mere fact that plaintiff selected an unsuccessful litigation strategy does not make her Rule 60(b) motion timely and, even if the Court assumes that refiling plaintiff's claims was a valid choice, she does not offer any justification for the periods of delay between the dismissal of this case and the refiling of her claims in a second lawsuit.  Without some justification for this delay, the Court concludes that plaintiff's Rule 60(b)(1) motion was not filed within a reasonable time and the motion should be denied as untimely.

Even if the Court could reach the merits of plaintiff's motion, it is not apparent that plaintiff would be entitled to relief under Rule 60(b)(1).  Plaintiff argues that defendants will not be prejudiced by reopening this case and this factor "weighs totally in Plaintiff's favor . . . ."  Dkt. # 8, at 9.  However, over a year has passed since the dismissal of plaintiff's claims and the automobile accident giving rise to this case occurred in November 2008, and it is reasonable to assume that the length of time will make it more difficult for defendants to gather evidence and defend against plaintiff's claims.  Plaintiff also assumes that defendants will be able to assert any defense they could have raised if this case had not been dismissed, but she offers no analysis to support this assumption.  Dkt. # 8, at 9.  The Court will assume that defendants will suffer no specific prejudice if this case is reopened, but will take into account the likelihood that the passage of time will make it more difficult for defendants to defend against plaintiff's claims.

---

[1]     Tenth Circuit precedent is clear that Oklahoma's saving statute, OKLA. STAT. tit. 12, § 100, does not apply to FTCA claims and that such claims may not be refiled following a dismissal without prejudice.  Pipkin v. United States Postal Serv., 951 F.2d 272 (10th Cir. 1991).  This is well-settled law that would have been discovered by plaintiff's counsel with a minimal amount of research, and plaintiff's counsel does not state why he believed it was appropriate to refile plaintiff's claims, rather than file a timely Rule 60(b) motion in this case.

The second factor (length of the delay) would weigh against granting plaintiff's Rule 60(b) motion. Plaintiff argues that this factor supports her motion because she filed the motion within one year of the judgment of dismissal and no party will be prejudiced if the case is reopened. Dkt. # 8, at 10. She also argues that she was unaware that Oklahoma's savings statute did not apply to her claims, and that this supports her argument that the length of the delay was reasonable. However, the Court has already found that the delay of almost one year in filing this motion was substantial, and that the only justification for this delay is plaintiff's decision to pursue a second lawsuit. This relates closely to the third and most important factor in the Court's analysis, which is the reason for plaintiff's delay in filing her Rule 60(b) motion. Plaintiff claims that her attorney acted reasonably by filing a second lawsuit, and argues that she did not "carelessly or deliberately delay the filing of this motion." Dkt. # 8, at 10. The Court has already considered these issues and found that plaintiff has not offered any legitimate basis for delaying the filing of her Rule 60(b) motion. Even if plaintiff did not deliberately delay these proceedings with the intent of prejudicing defendant, it is clear that the period of delay was substantial and the delay could have been avoided if plaintiff had immediately filed a Rule 60(b) motion with the evidence in her possession. Plaintiff has not offered an adequate justification for her delay in filing this motion, and this would weigh against granting plaintiff relief under Rule 60(b). However, there is no evidence that plaintiff acted in bad faith and the fourth factor (the moving party's good faith) does not weigh against plaintiff.

There is one other issue raised in plaintiff's Rule 60(b) motion that should be addressed, and that is plaintiff's contention that the underlying judgment of dismissal was not due to the neglect of plaintiff's counsel and was based on a mistaken assumption by the Court that plaintiff had not served defendants. Plaintiff's counsel blames the dismissal of this case on the Court's allegedly mistaken

finding that plaintiff had not served defendants, and he also suggests that the Court Clerk may be to blame for failing to docket plaintiff's returns of service.  Plaintiff states:

> The question in this matter is why this Court was not aware that Defendants had been served.  Plaintiff cannot state with absolute uncertainty that proofs of service had been filed with the court clerk.  Therefore, if the proofs of service had been filed, then the case was dismissed by mistake by the clerk's misinformation to the Court.  If the proofs of service had not been properly filed, then it is a case of neglect on the part of Plaintiff's counsel's office.

Dkt. # 8, at 8.  In the era of electronic filing, the only reason a return of service would not appear on the docket sheet is if the plaintiff's attorney fails to file the return of service.  Plaintiff's counsel does not explain why he believes that the Court Clerk provided "misinformation" to the Court, and he offers no factual basis to support this allegation.  The Court finds that plaintiff's counsel did not file returns of service and this is the reason the Court was not informed of plaintiff's alleged service of process on defendants.  Plaintiff's counsel concedes that he did not respond to the June 9, 2010 order to show cause.  Id.  If plaintiff's counsel is correct that plaintiff had properly served defendants prior to dismissal, it is perplexing that plaintiff did not file a response to the order to show cause or immediately file a Rule 60(b) motion and notify the Court that the case should not have been dismissed under Rule 4(m).

Even if the Court could reach the merits of plaintiff's motion, the Court would find that the dismissal of this case was the result of plaintiff's counsel's neglect and this neglect was not excusable.  The length of the delay and the reason for the delay do not support plaintiff's request to reopen this case.  There is no evidence that plaintiff purposefully engaged in bad faith or engaged in conduct with intent to place defendant at a disadvantage, and the Court finds that attorney neglect, rather than bad faith, was the cause of plaintiff's delay in filing her Rule 60(b) motion.  However, plaintiff allegedly knew of the basis for this motion as soon as the case was dismissed, and she has

not offered any justification for the delay in filing this motion.  The fact that plaintiff chose to file a second lawsuit, rather than file a Rule 60(b) motion in this case, does not justify plaintiff's delay in asking the Court to reopen her case, and plaintiff must live with the results of her chosen litigation strategy.

Plaintiff cites Lemoge v. United States, 587 F.3d 1188 (9th Cir. 2009), to support her argument that a Rule 60(b) motion to reopen a case dismissed for failure to serve should be granted freely.  In Lemoge, the plaintiff was injured when a concrete park bench fell on him and he filed a timely lawsuit alleging claims under the FTCA.  The plaintiff did not serve the United States Attorney in his judicial district and the district court ordered the plaintiff to show cause why the case should not be dismissed under Rule 4(m).  Id. at 1191.  The district court dismissed the case without prejudice to refiling.  However, during the time when plaintiff's counsel should have been serving the defendants and responding to the order to show cause, plaintiff's counsel suffered a leg injury and developed a serious staph infection resulting in multiple surgeries, skin grafts, and physical therapy.  Id.  Plaintiff's counsel was unable to work while recovering from his injury and numerous medical treatments.  When the plaintiff's counsel recovered, he learned that the plaintiff's case had been dismissed and he realized that he could not refile the plaintiff's claims in a second lawsuit.  Id. He immediately filed a motion to set aside the dismissal of the plaintiff's claims, but the district court denied the plaintiff's Rule 60(b) motion.  The Ninth Circuit Court of Appeals reversed the district court's decision, because the district court failed to consider all of the Pioneer factors and did not take into account evidence showing that plaintiff's counsel acted in good faith when filing a Rule 60(b) motion.  Id. at 1194.  The Ninth Circuit also weighed prejudice to the plaintiff as an important factor in its decision, and found that the plaintiff's inability to refile his claims was a

substantial factor supporting the issuance of relief under Rule 60(b).  Id. at 1196.  The evidence showed that plaintiff's counsel filed the Rule 60(b) motion as soon as possible after recovering from his injury, and it was clear that plaintiff's counsel was actively attempting to serve the appropriate defendants before his injury occurred.  Id. at 1197.  The Ninth Circuit found no evidence of attorney neglect and, quite to the contrary, found that plaintiff's counsel acted reasonably under the circumstances.  Id. at 1198.  The Ninth Circuit ruled that the district court abused its discretion by denying the plaintiff's Rule 60(b) motion, and reversed the case with instructions to reopen the case and allow the plaintiff additional time to serve the defendants.  Id.

Plaintiff's reliance on Lemoge is misplaced and Lemoge does not support plaintiff's request to reopen this case.  Plaintiff's counsel in Lemoge was unable to work due to a severe medical condition and he filed a Rule 60(b) motion as soon as he learned of the dismissal of the plaintiff's claims.  The Ninth Circuit found no evidence of attorney neglect and determined that the attorney's conduct was reasonable under the circumstances.  In this case, plaintiff has offered no justification for her disregard of the Court's order to show cause or her subsequent delay in filing a Rule 60(b) motion.  It is also appears that attorney neglect is the primary reason for plaintiff's delay.  Although plaintiff may not be able to pursue her claims, prejudice to the plaintiff, standing alone, is not a sufficient reason to grant her relief from the judgement of dismissal.  Plaintiff has not shown that she is entitled to relief under Rule 60(b)(1) and, even if her motion were timely, it would be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Relief from Judgment (Dkt. # 8) is **denied**.

**DATED** this 28th day of September, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT